```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KHALAIRE ALLAH,<br><br>                Plaintiff,<br><br>-against-<br><br>DAVID S. DINELLO, et al.,<br><br>                Defendants. | No. 23-CV-3286 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of the letter motion for a discovery conference filed by Plaintiff in the above-captioned case and by Plaintiffs in the cases listed below, (see dkt. no. 138), as well as the letter filed in response by certain defendants in the above-captioned case and in the cases listed below (the "State-Represented Defendants"), (see dkt. no. 139), and Plaintiffs' reply, (see dkt. no. 140).  The Court deems the letters to be Plaintiffs' motion for an order to compel pursuant to Federal Rule of Civil Procedure 37, State-Represented Defendants' opposition, and Plaintiffs' reply, and orders the following.

    First, State-Represented Defendants are directed, pursuant to Rule 34(b)(2)(E)(i), promptly to produce responsive, non-privileged documents arranged in the manner in which those documents are kept in the ordinary course of business and to designate which of Plaintiffs' particular search queries each is responsive to.

Second, State-Represented Defendants shall promptly produce responsive, non-privileged documents and their family members in a format that properly conveys both the custodian who submitted a particular MWAP Request Form and the custodian who received and reviewed the same MWAP Request Form.  (See dkt. no. 138 at 2.)

Finally, the Court denies Plaintiffs' request to compel Defendants to disclose emails or other documents related to non-party recipients of medical care or non-party medical providers who treated named Plaintiffs or other similarly situated individuals.  (See id. at 3.)  Given the breadth of discovery Defendants have produced across two dozen Tranche I cases, such disclosure would not be proportional to the needs of the cases. See Fed. R. Civ. P. 26(b)(1).

The Clerk of the Court shall close docket entry number 138. The Clerk of the Court shall also docket this order in each of the cases listed below and close the docket entries listed below.

- Alston v. Mueller, 23-cv-3290: close docket entry 87.
- Bernard v. Dinello, 23-cv-3323: close docket entry 88.
- Crichlow v. Dinello, 23-cv-3386: close docket entry 91.
- Dunbar v. Hammer, 23-cv-3391: close docket entry 67.
- Feola v. Mueller, 23-cv-3393: close docket entry 77.
- Frateschi v. Hammer, 23-cv-3394: close docket entry 77.
- Hale v. Mueller, 23-cv-3396: close docket entry 50.
- Jacks v. Mueller, 23-cv-3288: close docket entry 102.

- Jacobs v. Mueller, 23-cv-3606: close docket entry 82.
- Locenitt v. Dinello, 23-cv-3399: close docket entry 136.
- Miller v. Hammer, 23-cv-3462: close docket entry 60.
- Oleman v. Hammer, 23-cv-3607: close docket entry 70.
- Ortiz v. Dinello, 23-cv-3547: close docket entry 114.
- Perez v. Dinello, 23-cv-3300: close docket entry 95.
- Reyes v. Dinello, 23-cv-3315: close docket entry 91.
- Rivera v. Hammer, 23-cv-3700: close docket entry 87.
- Rosado v. Mueller, 23-cv-3718: close docket entry 120.
- Van Guilder v. Mueller, 23-cv-3398: close docket entry 92.
- Wilkerson v. Hammer, 23-cv-3397: close docket entry 106.
- Williams v. Dinello, 23-cv-3608: close docket entry 87.

**SO ORDERED.**

Dated:   August 26, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge